```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

BROADCAST MUSIC, INC. et al.    *

          Plaintiffs            *

          vs.                   *   CIVIL ACTION NO. MJG-16-3096

SECOND CHANCE OPERATING VENTURES*
LLC, et al.
          Defendants            *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT

The Court has before it Plaintiffs' Motion for Summary Judgment [ECF No. 26] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   BACKGROUND

At all times relevant hereto, Broadcast Music, Inc. ("BMI") has been, and is, an organization that receives and enforces rights (including copyright rights) with regard to musical compositions owned by others. Prior to the filing of this lawsuit, Plaintiffs other than BMI had assigned to BMI, "the right to license the public performance rights in" the musical compositions at issue. Compl. ¶¶ 3, 4.

Defendant Second Chance Operating Ventures, LLC ("Second Chance") is a limited liability company that operates an

1

establishment known as Game Sport's & Social or Baltimore Sports Bar ("the Sports Bar"), located in Baltimore, Maryland. The Sports Bar regularly features performances of live and recorded music. Defendant James Trujillo ("Trujillo") is the sole owner and sole member of Second Chance, and he also operates the Sports Bar. Defendant William Hotaling ("Hotaling") is not a member or owner of Second Chance nor involved in the operation of the Sports Bar, but he is the Baltimore City resident liquor licensee on behalf of Second Chance.

The parties agree that in September 2016, the Sports Bar performed, in the course of its business, the four musical compositions at issue without a license from anyone permitting it to do so.[1]

There are no genuine issues of material fact regarding the capacity of the Sports Bar, the performance of the musical compositions, the Sports Bar's mode of operation or the communications between BMI and Trujillo regarding licensing. The parties agree that Second Chance infringed the copyrights on the four musical compositions at issue and agree that Second Chance and Trujillo are liable for the infringement. The parties dispute whether Hotaling - a liquor licensee but neither an

---

[1] Subsequent to the filing of suit, Second Chance entered into a licensing agreement with BMI covering the period of January 2017 through December 2017 for an annual fee of $7,162.50.

owner nor manager of the Sports Bar – is liable for infringement.  The parties also dispute the extent of damages and the degree of Defendants' culpability with regard to the copyright infringement.

By the instant motion, Plaintiffs seek summary judgment establishing liability for damages and costs (including fees) on the part of all Defendants, establishing the amounts of statutory damages ($44,000.00 claimed) and fees ($6,740.00 claimed)  and enjoining future infringements.  Defendants agree that Plaintiffs should be granted summary judgment with regard to infringement by the Sports Bar, establishing liability of Defendants Second Chance and Trujillo.  There is at issue herein Plaintiffs' request for summary judgment with regard to:

- Any liability of Defendant Hotaling.
- The amount of statutory damages and fees to award.
- Any injunctive relief.

II.  LEGAL STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement: The Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. <u>See, e.g.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Shealy v. Winston</u>, 929 F.2d 1009, 1012 (4th Cir. 1991). Thus, in order "[t]o defeat a motion for summary judgment, the party opposing the motion must present <u>evidence</u> of specific facts from which the finder of fact could reasonably find for him or her." <u>Mackey v. Shalala</u>, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).

When evaluating a motion for summary judgment, the Court must bear in mind that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex</u>, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

III. DISCUSSION

    A.   Direct Infringement

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. § 106(4). Direct infringement requires proof of (1) ownership of a valid copyright and (2) copying, which is established when any of the exclusive rights listed in § 106 are violated. See 17 U.S.C. § 501(a) ("Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright. . . ."). The parties agree that Plaintiffs have proven that there was a public performance of four songs without authorization at the Sports Bar on the evening of July 12, 2016.

Therefore, Plaintiffs are entitled to partial summary judgment establishing direct copyright infringement by the Sports Bar.

    B.   Vicarious Liability

To make each Defendant liable for the infringement requires Plaintiffs to establish vicarious liability for that defendant. See Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 513 (4th Cir. 2002). "In order to establish vicarious liability, a copyright owner must demonstrate that the entity to

be held so liable: (1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial interest in the exploited copyrighted materials." Id.  Defendants do not dispute that Second Chance and Trujillo directly control and benefit from the Sports Bar and are liable for the infringing acts committed at the Sports Bar and should be held vicariously liable for the Sports Bars' infringements.  Therefore, Plaintiffs shall be granted summary judgment establishing infringement and liability on the part of Second Chance and Trujillo.

Defendants aver, however, that Hotaling is neither an owner nor operator, nor employed by, Second Chance.  Trujillo states by affidavit that he is the only owner and sole member of Second Chance, and Hotaling's only connection to Second Chance is as a liquor licensee.  See Opp'n 5, ECF No. 27-1.  Plaintiffs respond that Hotaling, as a liquor license holder for Second Chance, must be "the actual owner and operator of the business conducted on the licensed premises."  Pls.' Reply 2, ECF No. 30 (quoting the "Alcoholic Beverages Rules and Regulations for the Board of Liquor License Commissioners for Baltimore City," Chapter 3, Rule 3.01).  Based on the record before the Court,[2] viewed in the light most favorable to Hotaling, there is a material question

---

[2]   Hotaling's application for the liquor license is not on the record nor is his application for renewal.

6

of fact as to Hotaling's alleged liability.  The issues include whether he had the "right and ability to supervise" or had "an obvious and direct financial interest in the exploited copyrighted materials."  Nelson-Salabes, 284 F.3d at 513.

### C. Damages

Under the Copyright Act, 17 U.S.C. § 504(c)(1) provides that a

> copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

For a willful infringement, the amount may be increased to $150,000 or may be reduced to $200 if the infringer was not aware that there was an infringement.  17 U.S.C. § 504(c)(2).

In the instant case, Plaintiffs seek $11,000.00 in statutory damages for each of the four infringed musical compositions for a total of $44,000.00 in damages, plus costs and reasonable attorney's fees.  While Plaintiffs contend that

Defendants acted willfully,[3] they do not seek summary judgment with regard to willfulness.  Rather, the amount of damages sought by the instant motion is within the range permitted for a non-willful infringement.

The Court agrees with the Defendants that there are genuine issues of material fact related to the determination of the amount of statutory damages to award.  These disputed facts include, but are not limited to, the actual damages sustained[4] (as a guide for what is fair and reasonable with regard to statutory damages), Defendants' intent, and the parties' good faith in the course of dealing with the issue.[5]

Although Plaintiffs do not seek summary judgment for enhanced damages based upon a finding of willfulness, there remain factual issues pertaining to willfulness that are likely

---

[3]   According to Plaintiffs, BMI sent Defendants 29 letters, made 16 telephone calls, and a representative made two personal visits in an effort to license the Sports Bar. Pls.' Reply 3, ECF No. 30.  On at least two of those occasions, Trujillo stated he did not have a license and would not get a license and suggested BMI sue him. Id.

[4]   The Sports Bar got its liquor license and opened for business in July 2015 but did not obtain its permission for live entertainment until October 20, 2015, and the current BMI license, although not entered into until March 2017, was effective as of January 1, 2017.

[5]   Defendants contend that Trujillo was not willfully avoiding paying BMI, but "was under the mistaken belief that the . . . karaoke licensing covered the venue as well," and because the Sports Bar had a proper license for satellite radio, Trujillo "believed that no additional licensing was required."  Opp'n 3-4, ECF No. 27-1.

to be material in determining the amount of statutory damages to be awarded.  See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998) (holding that there is a constitutional right to a trial on all issues pertinent to an award of statutory damages under the Copyright Act, including the amount itself).  Accordingly, the Court shall not grant summary judgment to Plaintiffs on the amount of damages.

    D.    Injunctive Relief

In addition to monetary relief, Plaintiffs seek an injunction to prevent further copyright violations.

17 U.S.C. § 502(a) provides that courts may grant final injunctions "to prevent or restrain infringement of a copyright."  Plaintiffs argue that a permanent injunction is both warranted and necessary because Defendants willfully disregarded Plaintiffs' copyrights as well as the written and oral notices given to Defendants.

However, as matters now stand, Defendants have secured a license with BMI so that further performances of the works at issue would not be infringements.  The evidence of record does not establish conclusively the existence of circumstances warranting a permanent injunction.  Hence, summary judgment on injunctive relief is denied without prejudice to the ability of

Plaintiffs to continue to be able to seek to obtain an injunction at trial.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiffs' Motion for Summary Judgment [ECF No. 26] is GRANTED IN PART and DENIED IN PART.
    (a) The Court grants Plaintiffs' request for partial summary judgment of liability with regard to Defendants Second Chance Operating Ventures, LLC and James Trujillo.
    (b) The Court shall hold a bench trial with regard to Defendant William Hotaling's liability, and to determine remedies.
2. Plaintiffs shall arrange a telephone conference to be held by July 31, 2017, regarding the scheduling of further proceedings.

SO ORDERED, on <u>Monday, July 17, 2017</u>.

/s/
Marvin J. Garbis
United States District Judge